UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOPE ROBERTS,<br><br>      Plaintiff,<br><br>  v.<br><br>PUBLIC HOSPITAL DISTRICT NO. 1 OF KING COUNTY, WASHINGTON D/B/A VALLEY MEDICAL CENTER,<br><br>      Defendant. | No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMAND |

## I. PARTIES, JURISDICTION, AND VENUE

1.1. Plaintiff Hope Roberts is a board-certified physician assistant who resides in Auburn, King County, Washington.

1.2. Defendant Public Hospital District No. 1 of King County, Washington is a municipal corporation and component unit of the University of Washington that operates as Valley Medical Center ("Valley Medical") in King County, Washington.

1.3. Some of Ms. Roberts' claims arise under the laws of the United States. This Court has original jurisdiction over those claims under 28 U.S.C. §§ 1331 and 1343.

1.4. Ms. Roberts' other claims arise under Washington state law. This Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

1.5. Prior to filing this Complaint, Ms. Roberts filed a charge with the Equal Employment Opportunity Commission (EEOC). The EEOC investigated the charge and

COMPLAINT FOR DAMAGES – 1

found reasonable cause to support a finding that Ms. Roberts experienced unlawful discrimination and retaliation. The EEOC then referred the case to the Department of Justice (DOJ), who issued Ms. Roberts a right-to-sue letter on April 14, 2021. In compliance with 42 U.S.C. § 2000e-5(f)(1), Ms. Roberts has filed this Complaint within 90 days of receiving such letter.

1.6. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this lawsuit occurred in the State of Washington and all parties reside in Washington.

## II.    STATEMENT OF FACTS

2.1. Defendant Valley Medical hired Plaintiff Hope Roberts in 2016 to work full time as a physician's assistant (PA). She was initially assigned to work at Valley Medical's urgent care clinic in Renton, Washington.

2.2. Throughout her employment, Ms. Roberts has provided high-quality care to Valley Medical's patients.

2.3. According to Valley Medical, Ms. Roberts is a "valued employee."

2.4. In order to perform her job, Ms. Roberts has had to endure a work environment where male providers have been permitted to make sexist and degrading comments about women that Valley Medical leadership ignored or dismissed.

2.5. In or around June 2017, Valley Medical transferred Ms. Roberts to its urgent care clinic in Covington, Washington. As a PA, Ms. Roberts depends on physicians to help care for more complex patient conditions. For many of her shifts at the Covington clinic, Ms. Roberts was required to work with a male doctor ("Dr. Doe") – the only physician on site. When Ms. Roberts tried to consult with Dr. Doe, he routinely dismissed or ignored her

COMPLAINT FOR DAMAGES – 2

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

concerns about patients and derided her questions by responding with such quips as, "what's in it for me?"

2.6.   While Dr. Doe gave Ms. Roberts little time for patient-related concerns, he made ample time to pedal his side-business of performing cosmetic procedures. Dr. Doe commented to Ms. Roberts several times that he could give her Botox injections at a discount or "improve" her body with Kybella injections. He made similar comments to other female employees.

2.7.   Because Dr. Doe and Ms. Roberts' boss, Dr. Todd Bouchard, were friends, Ms. Roberts feared she would be punished if she voiced her concerns. Still, in an attempt to get away from Dr. Doe, she requested transfer to another urgent care clinic. Valley Medical initially denied Ms. Roberts' request.

2.8.   Sometime in late 2017, a female patient presented to the Covington clinic after being held against her will, sexually assaulted, and burned by her partner. A medical assistant (female) showed the patient to her room and then shared what she had learned with Ms. Roberts, Dr. Doe, and other members of the care team. Dr. Doe's response was to laugh and suggest that maybe the patient "wanted it" or that her injuries were the result of a "fetish."

2.9.   Ms. Roberts found Dr. Doe's comments about the patient horrifying and disgusting and reported them to the clinic coordinator. Nothing happened as a result.

2.10.  Ms. Roberts again requested a transfer and eventually, in December 2017, Valley Medical agreed to assign Ms. Roberts to its urgent care clinic in Maple Valley. Regrettably, the sexism continued despite the change.

COMPLAINT FOR DAMAGES – 3

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2.11. In or around May 2018, Ms. Roberts notified her supervisor, Dr. Todd Bouchard, that she was pregnant and would need to take leave to care for her new baby, due in November. To ease her transition back to work, she asked if she could be placed on a part-time schedule following her leave. Dr. Bouchard initially approved the request. Then, just before Ms. Roberts' baby was born, he threatened to end her employment if she would not commit to return to work on a full time schedule.

2.12. Around this same time, in November 2018, Ms. Roberts summoned the courage to tell "Evelyn" in Human Resources about Dr. Doe. Evelyn told Ms. Roberts it was not the first she had heard about Dr. Doe's behavior and that she would relay the message up the chain of command. Nobody in HR ever responded to Ms. Roberts about her concerns.

2.13. While out on leave caring for her newborn, Ms. Roberts made several inquiries to Valley Medical, asking administrators to confirm whether she could return to work on a part-time basis. She was repeatedly ignored; and, eventually, learned through a coworker that she had been placed back on the schedule. What should have been an exciting time in Ms. Roberts' life tending to her new baby was instead filled with angst and uncertainty about her job.

2.14. Her return to work in February 2019, did not alleviate those feelings. Instead of offering support, Dr. Bouchard criticized Ms. Roberts for taking time to pump breastmilk during breaks. Further, he suggested she pump in a shared space where other coworkers could come and go. When Ms. Roberts said she preferred a private space, Dr. Bouchard expressed his annoyance at the situation and inquired as to when she planned to have another baby. Ms. Roberts was taken aback by the hostility and the question, but answered that, indeed, she hoped to grow her family sometime in the future.

COMPLAINT FOR DAMAGES – 4

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2.15. Later that year, Dr. Bouchard repeated his questions about reproductive plans to other female providers of child-rearing age. He asked no such questions of male employees.

2.16. Any reasonable woman would be offended by Dr. Bouchard's inquiry into reproductive plans and the insinuation that new mothers are undesirable employees.

2.17. In early June 2019, Dr. Bouchard and Valley Medical demoted Ms. Roberts into a "float" position, meaning she would no longer have a permanent clinic assignment. This change in status meant less pay, less certainty on scheduling, and often, a longer commute.

2.18. Staff referred to the "float" role as the "nursing mother" position as Dr. Bouchard only assigned it to Ms. Roberts and another new mother, who also elected to breastfeed her baby.

2.19. In August of 2019, Ms. Roberts expressed concerns about Valley Medical and Dr. Bouchard's unfair treatment of her in a "360" review process. Several other female employees also shared concerns of sexism and misogyny in the clinics overseen by Dr. Bouchard.

2.20. Valley Medical, in turn, hired an independent investigator and alerted Dr. Bouchard of the complaints lodged against him.

2.21. In early 2020, the investigator confirmed that Dr. Bouchard had, indeed, made inappropriate inquiries of female providers' reproductive plans, but determined that the women's concerns of sexism in the workplace were otherwise unsubstantiated.

2.22. Following the investigation, Valley Medical took no meaningful action to root out sexism from its workplace. Its primary response was to allow Dr. Bouchard to relinquish

COMPLAINT FOR DAMAGES – 5

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

his supervisory responsibilities, but continue to work alongside the subordinates who had lodged complaints against him. It declined Ms. Roberts' request to be returned to her clinic assignment at Maple Valley, preferring instead to keep her in the "float" position.

2.23. In June 2020, Ms. Roberts filed an amended EEOC charge reflecting the continued discrimination.

2.24. To the EEOC, Valley Medical downplayed the sexist and degrading comments made to and about women in its urgent care clinics and claimed to have "resolved" any possible problem by, again, pointing to the fact that Dr. Bouchard was no longer in a supervisory role.

2.25. Further, Valley Medical insisted that the "float" assignment for Ms. Roberts was not a product of Dr. Bouchard's bias or discriminatory treatment.

2.26. The EEOC, however, disagreed. It determined that Ms. Roberts' concerns were valid. Even then, Valley Medical refused to return Ms. Roberts to a permanent clinic assignment.

2.27. Valley Medical's discriminatory and retaliatory treatment of Ms. Roberts has caused and continues to cause her to suffer economic and non-economic damages.

### III.   LEGAL CLAIMS

3.1. Plaintiff realleges the above allegations in support of her legal claims below.

**A.   Sex/Pregnancy Discrimination**

3.2. Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Washington Law Against Discrimination, RCW 49.60., *et seq.*, by subjecting Plaintiff to disparate treatment on the basis of her sex and/or pregnancy by, *inter alia*, permitting male employees to make sexist and misogynist comments in the

COMPLAINT FOR DAMAGES – 6

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

workplace, acquiescing to/engaging in gender stereotyping, giving male employees favored treatment, making disparaging remarks about Plaintiff's breastfeeding, inquiring into Plaintiff's and other female employees' reproductive plans, and demoting Plaintiff to a less favorable position following her pregnancy.

3.3. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, lost future earnings, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial

**B.  Hostile Work Environment**

3.4. Defendant violated Title VII and the WLAD by subjecting Plaintiff to a hostile work environment based on her sex/or pregnancy by permitting or acquiescing to the comments and actions as described above that were unwelcome and offensive to Plaintiff, and would be viewed as hostile to a reasonable woman in Plaintiff's shoes.

3.5. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, lost future earnings, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

**C.  Retaliation**

3.6. Defendant violated the WLAD and Title VII when it retaliated against Plaintiff for her opposition to sex and/or pregnancy discrimination, including by its failure to restore Plaintiff to her prior position after she complained of discrimination.

3.7. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

COMPLAINT FOR DAMAGES – 7

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

## IV.  PRAYER FOR RELIEF

4.1. Plaintiff prays for judgment and relief against Defendant as follows:

    a. Damages for lost compensation and benefits in an amount to be proved at trial;

    b. Damages for emotional distress, anxiety, humiliation, and embarrassment in amounts to be proved at trial;

    c. Punitive damages in an amount to be proved at trial;

    d. Reasonable attorneys' fees, expenses, and costs;

    e. Pre-and post-judgment interest to the maximum rate allowed by law;

    f. Increased payment to make up for any adverse tax consequences of any award to Ms. Roberts;

    g. Other relief to the furthest extent the Court determines is just and proper.

DATED this 12th day of July, 2021.

SCHROETER GOLDMARK & BENDER

*s/ Elizabeth Hanley*
ELIZABETH A. HANLEY, WSBA #38233
LINDSAY L. HALM, WSBA #37141
ASHLEY GOMEZ, WSBA #52093
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone: (206) 622-8000
Fax: (206) 682-2305
Email: hanley@sgb-law.com
       halm@sgb-law.com
       gomez@sgb-law.com

COMPLAINT FOR DAMAGES – 8

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305